# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR04-4112-LTS |
| vs. | |
| TERESA HERNANDEZ, | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

_____

This matter is before me on a letter filed by defendant Teresa Hernandez (Doc. No. 100) that I construe as a motion to reconsider my order (Doc. No. 96) denying her motion (Doc. No. 95) for a recommendation that she receive the maximum amount of time allowable in a residential reentry center (RRC) pursuant to the Second Chance Act.[1]

---

[1] Under the Second Chance Act of 2007, the Bureau of Prisons (BOP) is directed:

> [t]o the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). "The prerelease custody provision does not mandate that the BOP place a particular inmate in a residential reentry center and, if such placement is made, does not mandate any particular length of placement. Clearly, Congress vested the BOP with discretion as to such matters." *Muir v. United States*, No. 1:17–cv–01028, 2018 WL 542229, at *1 (D.S.D. Jan. 23, 2018). The district court may recommend placement but such recommendation is not binding:

> Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.

18 U.S.C. § 3621(b).

On July 8, 2005, the court sentenced Hernandez to 240 months' imprisonment after she pleaded guilty to three counts: one count of conspiracy to distribute 500 grams or more of methamphetamine mixture after a felony drug conviction and two counts of possession with intent to distribute 50 grams or more of methamphetamine mixture after a felon drug conviction. *See* Doc. No. 50. According to the online Bureau of Prisons (BOP) inmate locator, her current projected release date is October 28, 2021.

I denied Hernandez's first motion on April 6, 2020, because she was over a year away from her release date and did not state that she had received a reentry plan from the BOP.[2] Doc. No. 96 at 2. Hernandez explains she was recently told by her case manager that her RRC placement date is January 27, 2021. Doc. No. 100 at 3. She also states that she is unable to obtain a copy of her reentry plan from the BOP. *Id.* at 1.

As noted above, the Second Chance Act encourages the BOP to place inmates in RRC facilities up to twelve months prior to their release from BOP custody. However, the Second Chance Act does not create an absolute standard but encourages the use of RRC facilities to "the extent practicable." Additionally, while a federal court may make a placement recommendation, that recommendation is not binding. *See* 18 U.S.C. § 3621(b); *see also United States v. Gocha*, No. CR07-2006-LTS-1, Doc. No. 204 (N.D. Iowa Mar. 26, 2019) (in which I granted a Second Chance Act motion and recommended a defendant receive the maximum amount of time allowed in an RRC).

I have obtained a copy of Hernandez's reentry plan from United States Probation. BOP staff members recommend that she receive up to twelve months of RRC placement in order to help her transition back into the community. Her security level is minimum. She has participated in extensive programming while incarcerated. The BOP characterizes the list of courses she has taken as "massive." She has completed drug education programming and there are no concerns about her mental health. She has

---

[2] On June 16, 2020, I denied Hernandez's motion (Doc. No. 97) for compassionate release. *See* Doc. No. 99.

consistently earned good work evaluations.  Hernandez has maintained clear conduct throughout her incarceration period—nearly 15 years.  The only potential negative listed on her reentry plan is that she is currently listed as homeless upon release.

Hernandez's behavior and development in prison have been exemplary and she is to be commended for the work she has done to improve her situation.  BOP staff members recommend that she receive up to twelve months of RRC placement.  However, she is currently slated for only nine months.  In light of the efforts Hernandez made toward rehabilitation, and the fact that the maximum time in a residential reentry center will allow her to develop skills and secure long-term housing, her motion (Doc. No. 100) is **granted**.  In an effort to enhance Hernandez's likelihood of successful community reentry upon completion of her term of imprisonment, **I recommend** she be afforded prerelease residential reentry center placement for the maximum time authorized by the Second Chance Act.[3]  The Clerk's office is directed to send this order to the BOP facility where Hernandez is currently incarcerated.

**IT IS SO ORDERED.**

**DATED** this 26th day of June, 2020.

_____
Leonard T. Strand, Chief Judge

---

[3] Hernandez's present motion also requests a transfer of jurisdiction of her supervised release be to the United States District Court for the Western District of Arkansas.  Doc. No. 100 at 1.  However, this court cannot unilaterally transfer jurisdiction of the supervised release of a defendant to another district.  *See* 18 U.S.C. § 3605.  For Hernandez to transfer jurisdiction of her supervised release to the Western District of Arkansas, she needs to submit the proper paperwork to that district, and then that district must then decide to accept supervision and request transfer of jurisdiction.